Elizabeth Bull, adm'x for George Bull v. William H. Brockway.

*Evidence of contract relations and of account stated.*

Testimony that pay-rolls are all made out in the name of a person from whom the workmen receive their wages at stated intervals, tends to show contract relations between them.

Where a merchant furnishes goods to workmen on orders from their employer and receives his pay from the employer on presentation of the orders, the amount being fixed by the orders and deducted from the wages of the workman, the arrangement is evidence of an account stated. And in an action by the merchant against the employer for the amount due him it is proper to sue as for moneys had and received by defendant to plaintiff's use.

A plaintiff in error cannot complain of a judgment that rests on a charge which favors him too much.

Error to Eaton. Submitted June 7. Decided June 14.

Assumpsit. Defendant brings error. Affirmed.

*Rienzi Loud* for appellant. A count as upon an account stated is not sustained if the debt is not acknowledged and there is no promise to pay: *Gooding v. Hingston* 20 Mich. 439; and if the debt is admitted, the admission must be unqualified: *Evans v. Verity* 1 R. & M. 239; *Kirton v. Wood* 1 M. & Rob. 253; *Green v. Davies* 4 B. & C. 235; *Calvert v. Baker* 4 M. & W. 417.

*Corbin & Cobb* for appellee.

Campbell, J. Plaintiff recovered judgment below against Brockway for a claim originating in goods furnished by the decedent to men employed in work on a railway belonging to Brockway. The course of business seems to have been this: Brockway had employed two men named Gibson and Mathieson, either as agents or contractors to do work at a stipulated price per cubic yard. It was agreed that Brockway should pay the men within certain limits for work actually done. An arrangement was also

made for giving orders on Mr. Bull, the decedent, (with others,) and on the monthly settlements with the men the amount of such orders was to be deducted from their pay and paid to Bull. The pay-rolls were made out as betw·en Brockway and the men, and they settled with him, and the Bull orders were regularly deducted from their pay. Upon this there is no conflict. The action is brought on the common counts, and the judgment was rendered for the aggregate of three of these monthly balances of orders deducted from the men's pay.

The court below confined the right of recovery—*first*, to the theory that in these transactions Brockway was directly liable to the men, and the goods were furnished under an arrangement that Bull should be paid by Brockway; or *secondly*, to the case of settlements. between Brockway and Bull, whereby an amount of indebtedness was recognized between them so as to be treated as an account stated.

The only questions presented by the assignments of error, which require serious consideration, relate to the substance of these charges. It is claimed that there is no testimony which would warrant either charge.

We do not think the case is open. to this objection. There was testimony tending to show that the pay-rolls were all made out in the name of Brockway, and that the men received their pay monthly from him. This at any rate had a tendency to show contract relations between them, and the testimony also tended very clearly to show that Bull expected and had a right to expect payment of his bills out of the monthly deductions which Brockway had the benefit of as so much cash that would otherwise have to be paid by him to the men.

But the case established also the reception by these deductions by Brockway of the precise amount of Bull's advances, and these fixed by the orders on which he made them. It would be difficult to imagine any more precise way to state an account. It is also impossible for us to see why the moneys thus detained were not moneys had and received by Brockway for the use of Bull.

It may be that the charge of the court was not strictly correct, but it erred if at all against plaintiff and not against defendant. A plaintiff in error cannot complain of a judgment that rests on charges too favorable for him. Upon the testimony which was not disputed no other judgment would have been proper under any circumstances. But, as already suggested, we think even the rather limited rulings of the court were not beyond the facts on the record.

The judgment must be affirmed with costs.

GRAVES, C. J. and COOLEY, J. concurred.